IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANAE HAMLET,<br>7 Trolod Ct., Apt. C<br>Baltimore County<br>Owings Mills, MD 21117,<br><br>on behalf of herself<br>and all similarly situated employees<br><br>             Plaintiff,<br><br>v.<br><br>BRINK'S, INCORPORATED<br>9005 Junction Dr., Ste. C.<br>Howard County<br>Annapolis Junction, MD 20701,<br><br>             Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

1.  Plaintiff Danae Hamlet is an employee of Defendant Brink's, Inc. ("Brink's" or "Defendant") and she brings this action under the Fair Labor Standards Act ("FLSA"), both individually and on behalf of all similarly situated employees, to recover from Defendant's unlawful failure to pay its employees overtime compensation for all hours worked over 40 in a workweek. Plaintiff Hamlet and all those similarly situated seek a declaratory judgment, backpay, liquidated damages, attorney's fees and costs, and other legal and equitable relief available under the FLSA, 29 U.S.C. § 201, *et seq*.

## JURISDICTION AND VENUE

2.  This Court has original jurisdiction over the FLSA claims through 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337(a).

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Hamlet has given her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) of the FLSA. Such written consent is appended to this Complaint as Exhibit A.

5. Plaintiff Hamlet is a natural person residing in Owings Mills, Maryland (Baltimore County). She has been employed by Defendant as an LLV Messenger at Defendant's Annapolis Junction location, located at 9005 Junction Dr., Ste. C, Annapolis Junction, MD 20701 (Howard County), since approximately June 17, 2019. At all times relevant herein, Plaintiff has been an "employee" of Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

6. Defendant Brink's is a Delaware corporation headquartered at 1801 Bayberry Court, Richmond, Virginia 23226. Defendant's registered agent for service of process is The Corporation Trust Incorporated, with a street address of 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093.

7. Brink's is a private security and protection company that offers secure logistical support to businesses, including armored vehicle transportation. Brink's has thousands of employees nationwide and over 600 affiliated corporations. At all times material herein, Defendant has actively been conducting business in the State of Maryland. On information and belief, Brink's has approximately 42 employees at its Annapolis Junction location.

8. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume in excess of $500,000.

9.      Defendant is, and at all times material has been, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTS

10.     Plaintiff Hamlet worked as an hourly-paid LLV Messenger at Defendant's Annapolis, MD location from approximately June 17, 2019 to February 26, 2021. At all times relevant to the complaint, Plaintiff Hamlet earned approximately $17.00 per hour.

11.     The primary responsibility of Plaintiff Hamlet, as well as other LLV Messengers and drivers similarly situated to her (hereafter "similarly situated drivers"), was driving Brink's vehicles to customers to provide secure transport for their valuables, including cash, checks, and jewelry, among other items.

12.     Brink's directs a mixed fleet of vehicles, some of which are less than 10,001 pounds. The FLSA covers employees who drive, even in part, vehicles less than 10,001 pounds during the course of their duties. *See Schilling v. Schmidt Baking Co.*, 876 F.3d 596, 600 (4th Cir. 2017).

13.     At all material times herein, at the Annapolis Junction location, the managers at Brink's directed Plaintiff Hamlet and all similarly situated drivers to use a minivan, which weighs less than 10,001 pounds, to complete assignments. Although Plaintiff Hamlet and similarly situated drivers also used heavier armored vehicles, they in fact regularly used minivans weighing less than 10,001 pounds to complete assignments. The managers rotated use of the minivans among Plaintiff Hamlet and similarly situated drivers.

14.     Despite directing their employees to use minivans, Brink's did not pay Plaintiff Hamlet and similarly situated drivers for all overtime hours worked over 40 each workweek.

15. Brink's applies uniform policies, practices, and procedures, including those related to pay and overtime. Brink's applied the same unlawful policies and practices to Plaintiff Hamlet and those similarly situated drivers by regularly failing to pay them overtime for all hours worked over 40 each workweek.

16. Plaintiff Hamlet seeks to proceed collectively under FLSA § 216(b) on behalf of herself and the following class of employees:

> All current and former LLV Messengers and drivers who worked more than 40 hours per workweek for Brink's in Maryland from March 22, 2018 to the present and who drove a vehicle weighing 10,000 pounds or less at any time during the course of their duties. ("Putative Plaintiffs").

17. Brink's knew or should have known that the FLSA requires overtime pay for all non-exempt FLSA employees that work over 40 hours each week.

18. At all times relevant to the complaint, Plaintiff Hamlet and the Putative Plaintiffs were regularly scheduled to work and did work five or six days per week. Although her hours fluctuated from week to week, Plaintiff Hamlet generally worked more than 50 regularly scheduled hours each work. During busy weeks, she would work around 80 hours.

19. Each workday, Brink's assigned Plaintiff Hamlet and Putative Plaintiffs to drive a different route with a different number of stops. Plaintiff Hamlet regularly had dozens of stops to complete each shift, and on occasion would have as many as 70 stops in a single shift. Plaintiff Hamlet regularly started her route around 7:00 a.m. each day and drove until her route was complete. Although precise end-times vary based on the number of stops on the route, Plaintiff Hamlet would regularly drive over 10 hours each day to complete her routes. On her busiest days, Plaintiff Hamlet would work until midnight or later.

20. Brink's assigned the Putative Plaintiffs schedules that were similar to Plaintiff Hamlet, meaning they regularly worked over 50 hours per week. Just like Plaintiff Hamlet, these

4

schedules vary each workday based on the length and number of stops on the route. Nonetheless, they, too, regularly drove over 10 hours each day.

21. On occasion after regular routes were completed, Brink's would direct Plaintiff Hamlet and the Putative Plaintiffs to drive on special assignments, such as to BWI airport to drop off valuables for air transport. During these assignments, Brink's would regularly direct its drivers to use a minivan.

22. Despite regularly driving for over 50 hours each week, Brink's failed to pay Plaintiff Hamlet and the Putative Plaintiffs overtime for all hours over 40 at 1.5 times their regular rates of pay. Although Brink's paid Plaintiff Hamlet and the Putative Plaintiffs some overtime for the hours between 40 and 50, Brink's never paid Plaintiff Hamlet and the Putative Plaintiffs for any overtime over 50 hours at 1.5 times their regular rates of pay. For the Putative Plaintiffs, these pay violations are continuing and ongoing.

23. Plaintiff Hamlet's primary and direct supervisor at the Annapolis Junction location was James Bateman, the Route Logistics Manager. Each day Plaintiff Hamlet worked, Mr. Bateman or another Brinks manager, such as Jerrell West, would give her the route she would need to drive and the locations of her pick-ups. Mr. Bateman and other Brink's managers like Mr. West would direct Plaintiff Hamlet to drive either an armored vehicle or a minivan depending on vehicle availability and the needs of the assignment. On occasion and largely for special assignments, Brink's managers would also direct Plaintiff Hamlet to use her personal vehicle to complete assignments.

24. Beginning around July of 2019 and ending around December 2020, Plaintiff Hamlet would use a minivan once or twice per week for her daily route. In addition, approximately twice per week after she completed her route—and regardless of which vehicle she used during

her normal route—Brink's would direct Ms. Hamlet to take a minivan to the BWI airport on an assignment.

25. If Plaintiff Hamlet had any issues during her routes (such as inaccessible stops or schedule changes), she would communicate those issues with Brink's managers like Mr. Bateman and Mr. West.

26. On information and belief, Mr. Bateman and other Brink's managers like Mr. West would also schedule the Putative Plaintiffs and regularly assign them to use a minivan to complete their routes or special assignments.

27. Because Mr. Bateman and other Brink's managers like Mr. West created Plaintiff Hamlet's and the Putative Plaintiff's routes, assigned them work tasks, and communicated with them throughout the workday, Brink's managers knew that Plaintiff Hamlet and the Putative Plaintiffs were driving over 50 hours each week. Nonetheless, Brink's unlawfully failed to pay Plaintiff Hamlet and the Putative Plaintiffs overtime for all hours worked over 40 each week at 1.5 times their regular rates of pay.

28. Defendant's pay violations against Plaintiff Hamlet and those similarly situated to her were willful.

**COUNT I**

**FAILURE TO PAY OVERTIME IN VIOLATION OF
SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)
(Plaintiff Hamlet and all Putative Plaintiffs)**

29. Plaintiff hereby incorporates by reference all previous paragraphs in their entirety and restates them herein.

30. At all times material herein, during those workweeks in which Plaintiff Hamlet and the Putative Plaintiffs worked in excess of 40 hours in a workweek, they have performed work

activities without compensation at one and one-half times their regular rates of pay. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiff Hamlet and the Putative Plaintiffs with the rights and protections provided under Section 7(a) of the FLSA, 29 U.S.C. § 207(a).

31. Section 207 of the FLSA requires the payment of overtime compensation at the rate of one and one-half times an employee's regular rate of pay for all hours the employee is suffered or permitted to work in excess of 40 hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiff Hamlet and the Putative Plaintiffs for work that they have been suffered or permitted to perform in excess of 40 hours in a workweek.

32. Defendant's violations of the FLSA were willful and in bad faith. For the Putative Plaintiffs, these violations are continuing and ongoing.

33. Pursuant to 29 U.S.C. § 216(b), Plaintiff Hamlet and the Putative Plaintiffs are entitled to recover backpay damages and liquidated damages in an amount equal to their backpay damages, plus attorneys' fees and costs.

34. As a result of the Defendant's willful and purposeful violations of the FLSA, there has become due and owing to Plaintiff Hamlet and the Putative Plaintiffs an amount to be precisely determined at trial. The employment and work records for Plaintiff Hamlet and the Putative Plaintiffs are in the exclusive possession, custody and control of the Defendant. Accordingly, Plaintiff Hamlet and the Putative Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records

with respect to Plaintiff Hamlet and the Putative Plaintiffs from which the amount of Defendant's liability can be ascertained, at least in part. For the Putative Plaintiffs, damages continue to accrue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hamlet hereby prays that this Court:

(a) Enter judgment declaring that the Defendant has willfully and wrongfully violated its statutory obligations under the FLSA and deprived Plaintiff Hamlet and the Putative Plaintiffs of their rights under the FLSA;

(b) Order a complete and accurate accounting of all the compensation to which the Plaintiff Hamlet and the Putative Plaintiffs are entitled;

(c) Award Plaintiff Hamlet and the Putative Plaintiffs backpay equal to the unpaid overtime compensation owed for work performed during the past three years;

(d) Award Plaintiff Hamlet and the Putative Plaintiffs liquidated damages equal to their unpaid overtime compensation;

(e) Award Plaintiff Hamlet and the Putative Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, as well as the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Hamlet hereby demands that her claims be tried before a jury.

Respectfully submitted,

*/s/ Molly A. Elkin*
Molly A. Elkin
Sara L. Faulman*
Ryan C. Cowdin*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
E-mail: mae@mselaborlaw.com
E-mail: slf@mselaborlaw.com
E-mail: rcc@mselaborlaw.com

*Attorneys for Plaintiff*
*\*Filing for admission Pro Hac Vice*